FILED
SUPERIOR COURT
OF GUAM

2014 JUN 16 PM 3: 45

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF 0483-12 |
|---|---|
| v. | |
| MARIANO TACLA PERE, | **DECISION AND ORDER** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 17th day of March, 2014, upon the People's Discovery Submission and Motion for In-Camera Review (Under Seal). Assistant Attorney General Matthew S. Heibel represents the People, and Attorney David J. Lujan represents the Defendant. For the reasons set forth below, the Court GRANTS the motion and ORDERS the People to perform redactions consistent with this Decision and Order and make the discovery material available to the Defendant.

### BACKGROUND

On August 23, 2013, a grand jury indicted Mariano Tacla Pere on eight separate counts of second degree criminal sexual conduct as a first degree felony. The final Amended Superceding Indictment was filed on December 2, 2013. The indictment alleged that the Defendant had engaged in sexual contact with two minor girls, sisters who were both under the age of fourteen years at the time of the alleged incidents. Count One, Charges One through

Seven referred to victim S.U.P. (DOB: 01/12/1996), and Count Two referred to victim S.P. (DOB: 05/06/1998).

The case went to trial on October 17, 2013. The jury rendered verdicts on January 3, 2014. On five counts, the jury found the Defendant not guilty. However, the jury was unable to reach a unanimous verdict on three counts, namely First Charge, Counts Two, Four, and Seven. On Second Charge, Count One, the single count where S.P. (DOB: 05/06/1998) was the alleged victim, the Defendant was acquitted. The People requested retrial on the deadlocked charges, and a new Criminal Scheduling Order was issued on January 24.

On March 17, the People submitted the present Discovery Submission and Motion for In-Camera Review. The material submitted under seal counseling records from the Isa Psychological Services Center at the University of Guam. The People requested the Court engage in an in-camera review to determine if the records were discoverable, and argued that the records were discoverable, with two exceptions: personal information about the two victims and their family, including addresses, email addresses, and telephone numbers; and statements or notes relating to S.P. (DOB: 05/06/1998).

## DISCUSSION

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, prosecutors must turn over evidence in their control to the defense if the evidence is material either to guilt or to punishment. E.g., Brady v. Maryland, 373 U.S. 83, 87 (1963). Brady and its progeny are applicable to Guam. Organic Act of Guam, 48 U.S.C. § 1421b(u) (2011) (applying the Fourteenth Amendment Due Process Clause to Guam). Guam statutory law also requires certain mandatory disclosures by the prosecuting attorney to the defense. 8 GCA § 70.10 (2005). These include "all material information in the possession or control of

members of [the prosecuting attorney's] staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office." 8 GCA § 70.10(b) (2005). It also includes information such as "the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement," and "any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons." 8 GCA § 70.10(a)(1), (3) (2005).

However, the Crime Victim's Rights Act of 2004 makes certain exceptions for some evidence that would otherwise be disclosed under 8 GCA § 70.10. Crime Victim's Rights Act of 2004, 8 GCA § 160 (2005). The Act creates certain rights for victims and witnesses of crimes. One of these protections reads as follows:

> The work address and address of the crime victim shall not be in the court file or ordinary court documents unless contained in a transcript of the trial or it is used to identify the place of the crime. The work telephone number and telephone number of the victim shall not be in the court file or ordinary court documents except as contained in a transcript of the trial or witness lists.

8 GCA § 160.91 (2005).

In ordinary circumstances, the prosecuting attorney is obliged to turn over to the Defendant's counsel the names and addresses of persons he or she intends to call as a witness. 8 GCA § 70.10(a)(1) (2005). However, under 8 GCA § 160.91 the addresses and telephone numbers may not be contained in the public documents of the court, save as trial transcripts or witness lists, or unless application of the statute is prohibited by a superior source of law, such as the United States Constitution. 8 GCA § 160.91 (2005).

The materials the People submitted to the Court under seal are counseling records from Isa Psychological Services Center at the University of Guam ("Isa"). Isa and its employees administered psychiatric treatment to the victims and their family, and created the records now being considered for discovery. The People submit that Isa's records are generally discoverable, but that parts of the records should be redacted. First, the People argue that the personal information, including addresses, phone numbers, and email addresses, of the victims and their family are not relevant and should not be discovered or published. Second, the People also argue that any statements or notes contained in the records that relate to S.P. (DOB: 05/06/1998), including statements under the Check-in/Observation section, the Issues Presented Today section, and the Narrative Summary of Session section, which reference S.P. by name, are not relevant and should be redacted.

The Court, upon review of the documents, agrees with the People. The documents as a whole are not subject to 8 GCA § 70.10(a)(3). This is because while they arguably are reports or statements of an expert that relates to a mental examination, the records were not "made in connection with the case" but were rather made in connection with mental health treatment. Cf. 8 GCA § 70.10(a)(3) (2005). The personal information on the records may not be published in court documents besides trial transcripts and witness lists, and this discovery material is neither a trial transcript nor a witness list. 8 GCA § 160.91 (2005).

If any of the redacted information was material to the guilt or punishment of the Defendant, then Brady v. Maryland would apply and the discovery material would have to be turned over, notwithstanding the contrary provisions of the Crime Victim Rights Act of 2004. Brady v. Maryland, 373 U.S. 83, 87 (1963). However, the Court concludes that the redacted personal information such as addresses and phone numbers is immaterial to the guilt or

punishment of the Defendant, and the notes and statements regarding S.P. (DOB: 05/06/1998), as opposed to S.U.P. (DOB: 01/12/1996), are also immaterial, so long as no alleged crimes where S.P. was the alleged victim are prosecuted, and so long as the People do not call S.P. as a witness, which the People claim to not intend to do. People's Am. Witness List, Mar. 17, 2014.

## CONCLUSION

For the reasons set forth above, the People's Discovery Submission and Motion for In-Camera Review is GRANTED. The discovery material shall be made available to the Defendant, with the following redacted: personal information such as addresses, email addresses, and telephone numbers; and statements or notes contained in the records that relate to the younger of the two girls, S.P. (DOB: 05/06/1998), including statements under the Check-in/Observation section, the Issues Presented Today section, and the Narrative Summary of Session section. The People are ORDERED to perform these redactions and make the discovery material available to the Defendant.

**IT IS SO ORDERED** this day of ___JUN 1 ᷍ 2014___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
Ab's; D.Lynin 4DMR

Date: 6/16/14 Time: 3SOpm

Deputy Clerk, Superior Court of Guam